**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2009

No. 08-50914

Charles R. Fulbruge III
Clerk

MICHAEL JOHN; ANN JOHN; DAN GONZALES; ROBERT MARTINEZ

Plaintiffs - Appellants

v.

CITY OF SAN ANTONIO; HENRY BASSUK; THOMAS HILTPOLD;
DARLENE MCCOY; RICHARD MILLER; CHRIS PREUSS

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
(07-CV-380)

Before JOLLY, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The Appellants in this appeal are vendors who formerly sold their wares along the pedestrian walkways of the San Antonio Riverwalk. They filed this 28 U.S.C. § 1983 action against the City of San Antonio, alleging City ordinances 2006-11-01-1256 and 2006-11-02-1257 unconstitutionally restrict vending along the San Antonio Riverwalk and in downtown San Antonio generally. Specifically, the Appellants alleged the ordinances unconstitutionally restrict

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

commercial speech, are overbroad and vague, and deny them a right to earn a living. The Appellants also asserted against the City claims of police misconduct, all arising from City police officers' interactions with Appellant Michael John. Our review of the record satisfies us that the district court's summary judgment for the City was proper.

The Appellants provided no evidence that the ordinances have been used to restrict noncommercial speech, and our own reading of the ordinances satisfies us that they are neither overbroad nor vague. To the extent the ordinances restrict commercial speech, they easily survive the test articulated in *Central Hudson Gas & Electric Corporation v. Public Service Commission of New York*, 447 U.S. 557 (1980), because they directly advance the City's interests in safety and aesthetics and are no more extensive than necessary.

For similar reasons, the ordinances survive due process analysis. The Due Process Clause protects an individual's liberty interest in the freedom to earn a living and requires, at a minimum, that a state action affecting that liberty interest be rationally related to some legitimate government purpose. *Daniels v. Williams*, 474 U.S. 327, 331 (1986). We have no trouble concluding that safety on pedestrian walkways is a legitimate government purpose. Because the ordinances are rationally related to safety, they do not unconstitutionally impinge upon the Appellants' right to earn a living.

Finally, even assuming the Appellants established individual instances of police misconduct, they failed to establish a pattern of police misconduct constituting a City policy or custom, and therefore failed to establish a necessary element of municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Accordingly, the judgment of the district court is

AFFIRMED.