# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 4, 2011

Lyle W. Cayce
Clerk

No. 10-50891

IGNACIO LOPEZ; MARIA LOPEZ; XOCHILT HIDALGO,

Plaintiffs - Appellants

v.

CITY OF SAN ANTONIO,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-89

Before WIENER, CLEMENT and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellants Ignacio and Maria Lopez and Xochilt Hidalgo are vendors (the "Vendors") who previously sold novelty items from stationary positions along San Antonio's Riverwalk. In November 2006, the City of San Antonio ("the City") passed two ordinances, 2006-11-01-1256 and 2006-11-02-1257, that generally banned vending and the transport of uncovered goods on public property on the Riverwalk and in the downtown business district except as provided by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50891

specifically delineated exceptions within the ordinance.[1] The City passed the ordinances in response to increasing concerns related to congestion, safety, and aesthetics in these areas. The Vendors brought this action and raised a number of constitutional challenges to the ordinances. The district court granted summary judgment in favor of the City.

In *John v. City of San Antonio,* a recent case brought by a different set of vendors, we rejected many of the same constitutional challenges to these same two ordinances. 336 F. App'x 411 (5th Cir. 2009). We held, *inter alia*, that "[w]e have no trouble concluding that safety on pedestrian walkways is a legitimate government purpose. Because the ordinances are rationally related to safety, they do not unconstitutionally impinge upon the Appellants' right to earn a living." *Id*. at 413.

After considering the report and recommendation of a magistrate judge and the Vendors' objections to that report, the district court, relying in part on *John*, granted summary judgment in favor of the City. Although *John* is unpublished and is not binding authority upon this panel, we agree fully with its reasoning. We have reviewed the briefs, pertinent portions of the record, and the applicable law. Because there is no error, the summary judgment is AFFIRMED, essentially for the reasons given by the district court.

---

[1] Ordinance 2006-11-01-1256 specifically targets the Riverwalk, while ordinance 2006-11-02-1257 targets the downtown business district.